UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PNC BANK, N.A., successor in interest by merger to National City Bank, successor in interest by merger to Mid America Bank, fsb, | ) ) ) ) ) |
| Plaintiff, | ) Case No. 12-cv-9383 ) |
| v. | ) Judge John W. Darrah ) |
| JOHN J. JANIGA and KIMBERLY J. JANIGA, | ) ) ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff PNC Bank filed a Complaint on November 26, 2012, against Defendants, John and Kimberly Janiga, alleging foreclosure of a mortgage and breach of contract. Thereafter, on November 10, 2012, PNC Bank submitted a Verified Petition for Appointment of a Receiver of the underlying real property at issue in its Complaint. The Janigas oppose this Petition, and the matter has been fully briefed. Based on the analysis below, PNC's Petition for Appointment of a Receiver [9] is granted.

**BACKGROUND**

PNC Bank is a national banking association, organized in Delaware, with its main office located in Pennsylvania. (Compl. ¶ 4.) The Janigas are citizens of Illinois, where they are also domiciled. (*Id.* ¶¶ 5-6.) Hence, subject matter jurisdiction exists pursuant to 28 U.S.C. § 1332(a), as the parties are citizens of different states and the amount in controversy exceeds $75,000.00. (*Id.* ¶ 1.)

In February 2008, Mid America Bank merged into National City Bank; thereafter, in November of 2009, National City Bank merged into PNC Bank. (*Id.* ¶ 4.) On April 10, 2003, Mid America Bank (now, PNC Bank) issued a loan to the Janigas in the amount of $542,500.00 and executed a Promissory Note in evidence of the loan. (*Id.* Ex. B.) To secure the loan, the Janigas executed a Mortgage, dated April 10, 2003, against the property located at 1911 S. Euclid Avenue in Berwyn, Illinois ("the Property"); the Mortgage was recorded by the Cook County Recorder of Deeds on April 30, 2003. (*Id.* Ex. C.) The Property is not the Janigas' residence; it is currently occupied by tenants who pay rent. (Petition ¶ 3; Resp. ¶¶ 7-8.)

The Janigas failed to pay the real estate taxes on the Property from 2008 through 2011; these taxes were then sold. (Compl. ¶ 9.) Failure to pay taxes as required under the Mortgage is one event which results in the default of the Mortgagors (here, the Janigas). (Compl. Ex. C, ¶ 18(A).) The Janigas were notified of their default on the property by certified mail on September 25, 2012. (Compl. Ex. D.)

Now, PNC Bank petitions for appointment of a receiver for the Property. PNC Bank argues that under Illinois Mortgage Foreclosure Law, it is entitled to possess the Property. The Janigas oppose the appointment of a receiver for the Property and argue that PNC Bank has failed to demonstrate a reasonable probability exists that it will prevail under Illinois Mortgage Foreclosure Law.

## LEGAL STANDARD

The Illinois Mortgage Foreclosure Law states that, prior to the entry of the Judgment of Foreclosure:

> [I]f (i) the mortgagee is so authorized by the terms of the mortgage or other written instrument, and (ii) the court is satisfied that there is a reasonable probability that the mortgagee will prevail on a final hearing of the cause, the

2

> mortgagee shall upon request be placed in possession of the real estate, except that if the mortgagor shall object and show good cause, the court shall allow the mortgagor to remain in possession.

735 ILCS 5/15-1701(b)(2). Furthermore, the law provides that if the Mortgagee is entitled to possession and requests it, the Court "shall appoint a Receiver," and the Mortgagee is "entitled to designate the Receiver." 735 ILCS 5/15-1702(a)-(b). "Section 15-1701(b)(2) creates a presumption that the mortgagee is entitled to possession during the pendency of a foreclosure proceeding involving nonresidential real estate." *Nissan Motor Acceptance Corp. v. Schaumburg Nissan, Inc.*, Case No. 93 C 2701, 1993 WL 326896, at *1 (N.D. Ill. Aug. 26, 1993) (citing *Travelers Ins. Co. v. LaSalle Nat. Bank*, 558 N.E.2d 579 (Ill. App. Ct. 1990)).

## ANALYSIS

The Janigas, seeking to overcome the presumption that PNC Bank is entitled to possess the Property for the pendency of the foreclosure proceeding, present two arguments to support their contention that PNC Bank has failed to show a reasonable probability exists it will prevail on a final hearing.

First, the Janigas contend they have received loan statements from PNC Bank, listing their loan interest rate as 6.375 percent and their loan's Maturity Date as April 1, 2011. (Resp. ¶ 4.) This information, the Janigas argue, does not comport with the information stated in the Promissory Note secured by the Mortgage, which identifies the Maturity Date as May 1, 2028, with an initial interest rate of 4.750 percent. (Compl. Ex. B. ¶¶ 3(b), 4.) The Janigas argue that this so-called discrepancy has not been explained by PNC Bank and that due to this "discrepancy," PNC "has not shown that it is likely to prevail" in the foreclosure proceeding. (Resp. ¶ 5.)

It is unclear that this purported difference in interest rate is necessarily an error, as it is apparent from the Promissory Note that the loan carried a variable interest rate. Moreover, regardless of the Maturity Date and the interest rate of the loan, the basis of the default asserted by PNC Bank was the Janigas' failure to pay real estate taxes on the Property for the years 2008 through 2011. The Janigas do not dispute their failure to pay these taxes in their objection to PNC Bank's Petition. Nor do the Janigas present any legal authority to support their argument that, because they possess documents which indicate a different Maturity Date and a different interest rate than what is stated in the executed Promissory Note and Mortgage, PNC Bank is unlikely to prevail in demonstrating the Janigas' default due to a failure to pay real estate taxes.

The Janigas further object to the appointment of a receiver because it would "disrupt the relationship between [the Janigas] and the tenants [of the Property] and might result in the loss of good tenants" and, further, that the cost of a receiver is excessive. (Resp. ¶¶ 7-8.) This, too, is insufficient cause to prevent the appointment of a receiver. Simply because the Janigas believe themselves to be qualified property managers is not enough to support a finding of good cause to keep them in possession of the Property. "It is the mortgagor's burden under the statute to establish that it should remain in possession of the premises, not the mortgagee's burden to show good cause for the appointment of a receiver." *Home Life Ins. Co. v. American National Bank and Trust Co.*, 777 F. Supp. 629, 632 (N.D. Ill. 1991).

## CONCLUSION

It is PNC Bank's right under the Illinois Mortgage Foreclosure Law to appoint and designate a receiver to the Property, and the Janigas have failed to present any good cause as to why they should remain in possession of the property. Accordingly, PNC Bank's Verified Petition for Appointment of a Receiver [9] is granted.

Date: April 24, 2013

/s/ John W. Darrah
JOHN W. DARRAH
United States District Court Judge