UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PNC BANK, NATIONAL ASSOCIATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 12-CV-9383 |
| v. | ) | |
| | ) | |
| JOHN J. JANIGA and | ) | |
| KIMBERLY J. JANIGA, | ) | Judge John W. Darrah |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff PNC Bank, National Association ("PNC") filed a mortgage foreclosure and breach of contract Complaint against Defendants John J. Janiga and Kimberly J. Janiga (collectively, "the Janigas"). PNC alleges that the Janigas signed a promissory note and mortgage and that they have now defaulted on those obligations. PNC has moved for summary judgment [51]; judgment of foreclosure and sale [52]; appointment of a special commissioner [55]; and attorney's fees and court costs [57]. For the reasons stated below, PNC's Motions are granted in part and denied in part.

### BACKGROUND

A party moving for summary judgment must file "a statement of material facts as to which the moving party contends there is no genuine issue." N.D. Ill. L. R. 56.1(a)(3). To oppose the motion, a party must file a concise response, admitting or denying each of the facts stated by the moving party, as well as additional facts the opponent believes

warrant denial of summary judgment. N.D. Ill. L. R. 56.1(b). Any fact contained in a movant's statement not properly contested by the non-movant is deemed admitted. N.D. Ill. L. R. 56.1(b)(3)(C); *Perez v. Thorntons, Inc.*, 731 F.3d 699, 712 (7th Cir. 2013).

The following is taken from PNC's statement of undisputed material facts and the Janigas' additional facts.[1] On April 10, 2013, MidAmerica Bank extended a line of credit to the Janigas in the amount of $542,500.00. (Pl.'s SOF ¶ 7.)[2] This extension was evidenced by a promissory note ("the Note") executed by the Janigas. (*Id.*) As security for the note, a mortgage ("the Mortgage") was given against the property commonly known as 1911 S. Euclid, Berwyn, Illinois ("the Property"). (*Id*. ¶ 8.) Through a succession of mergers, PNC now owns the Note and Mortgage. (*Id.* ¶¶ 2, 9.)

As a condition of the Note and Mortgage, the Janigas were to pay all real estate taxes on the Property when due. (*Id*. ¶ 11.) The Janigas failed to pay real estate taxes from 2008-2011. (*Id.* ¶ 10.) On September 25, 2012, PNC notified the Janigas that, as a result of the Janigas' failure to pay real estate taxes, the Note would be accelerated, and PNC demanded payment on all amounts due. (*Id*. ¶ 12.) The Janigas have made no payments to satisfy PNC's demand. (*Id*. ¶ 13.)

---

[1] The Janigas did not properly contest any of the numbered paragraphs submitted by PNC in its Rule 56.1 statement. However, the Janigas did file a response that contained additional material facts, with respect to which PNC failed to reply, despite being granted four extensions of time in which to do so.

[2] Admitted Statements of Material Facts by Plaintiffs are designated as "Pls.' SOF" with the corresponding paragraph referenced.

## LEGAL STANDARD

A party may pursue summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial responsibility of informing the court of the basis for its motion and identifying the evidence it believes demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). If the moving party meets this burden, the nonmoving party cannot rest on conclusory pleadings but "must present sufficient evidence to show the existence of each element of its case on which it will bear the burden at trial." *Serfecz v. Jewel Food Stores*, 67 F.3d 591, 596 (7th Cir. 1995) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86 (1986)). Opposition to summary judgment requires more than a scintilla of evidence or some metaphysical doubt. *Nat'l Inspection Repairs, Inc. v. George S. May Int'l Co.*, 600 F.3d 878, 882 (7th Cir. 2010) (citations omitted). [T]he evidence must be such "that a reasonable jury could return a verdict for the nonmoving party." *Wells v. Coker*, 707 F.3d 756, 760 (7th Cir. 2013) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

When considering a motion for summary judgment, the court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in the nonmoving party's favor. *Ogden v. Atterholt*, 606 F.3d 355, 358 (7th Cir. 2010) (citations omitted). The court does not make credibility determinations or

weigh conflicting evidence. *George v. Kraft Foods Global, Inc.*, 641 F.3d 786, 799 (7th Cir. 2011)(citations omitted).

## ANALYSIS

As evidenced by the second count in the Complaint, this case is based on a contract. "[S]ummary judgment is particularly appropriate in cases involving contract interpretation." *Lewitton v. ITA Software, Inc.*, 585 F.3d 377, 379 (7th Cir. 2009) (citations omitted). Here, the terms of the contract are clear and unambiguous in the documents attached to the Complaint and are, in fact, uncontested. Not only do the Janigas fail to properly respond, as required by Local Rule 56.1(b)(3), resulting in admission of all of PNC's facts, they state in their response that they "do not deny that some amount is due [PNC]." (Def.'s Res. ¶ 6.) Accordingly, PNC's Motion for Judgment of Foreclosure and Sale is granted.

Yet, the Janigas have identified factual disputes as to the amount of damages. PNC calculates damages of $575,987.49. The Janigas contend that this amount is incorrect for three reasons. First, they state that the Note called for an interest rate of 3.25 percent over an index based on the return of treasury bonds. (*Id.* ¶ 2.) However, the damages sought by PNC are based at least partially on a rate of 6.75 percent. (*Id.*) Next, the Janigas state that they obtained real estate tax refunds that they sent to PNC, but these refunds were not applied to the outstanding principal. (*Id.* ¶ 3.) Finally, the Janigas state that PNC's prayer for attorney's fees includes amounts related to an entirely different case. (*Id.* ¶ 4.) As set forth above, PNC failed to reply to these factual assertions in accordance with Local Rule 56.1(b)(3)(C), which requires all facts alleged by the Janigas

to be deemed admitted. Therefore, summary judgment is denied with respect to the amount of damages.

## CONCLUSION

PNC's Motions for Judgment of Foreclosure and Sale [52] and Appointment of a Special Commissioner [55] are granted. PNC's Motions for Summary Judgment [51] and Attorney's Fees and Court Costs [57] are denied as genuine issues of material fact exist as to the damages amounts requested by PNC.

Date: ____5/1/2014_____  _____
JOHN W. DARRAH
United States District Court Judge